**Roy George THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 842–91.**

Court of Criminal Appeals of Texas,
En Banc.

May 13, 1992.

Rehearing Denied June 17, 1992.

---

Gerald B. Scheve, Houston, for appellant.

Peter C. Speers, III, Dist. Atty., Kathleen A. Hamilton, Asst. Dist. Atty., Conroe, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

On April 13, 1989, appellant, Roy George Thomas, was convicted of delivery of cocaine of less than twenty-eight grams. Tex.Rev.Civ.Stat. art. 4476–15.[1] Punishment was enhanced by proof of a prior

---

**1.** The Texas Controlled Substances Act is now set forth in Tex. Health & Safety Code § 481.-    001, et seq.

felony conviction, and the jury assessed punishment at forty years imprisonment. The Ninth Court of Appeals reversed and ordered a judgment of acquittal. *Thomas v. State*, 817 S.W.2d 346 (Tex.App.—Beaumont 1991). We granted the State's petition for discretionary review, pursuant to Tex.R.App.Pro. 200(c)(1) and (3), to determine whether there was sufficient evidence to establish a "delivery", even though the transferor never voluntarily gave the cocaine to the transferee. We will affirm.

When examined in the light most favorable to the verdict, the evidence at trial established that I.E. Jordan, an undercover officer with the Conroe Police Department, was instructed to meet with a confidential informant. On October 21, 1987, Jordan, wearing a body mike, met with the informant and Bobby Joe Franklin, appellant's co-defendant, at a Conroe shopping center. It was ultimately agreed that Franklin and Jordan would meet later that day at a local ballpark, at which time Jordan was to pay $600 for some cocaine. Thirty or forty minutes after Jordan arrived at the ballpark, Franklin told Jordan that there would be a delay in the delivery of the cocaine and repeatedly asked Jordan not to become impatient. Franklin expressed that he was waiting on his brother-in-law, appellant, to deliver the cocaine to him so he could then sell it to Jordan for $600. At one point, Franklin placed a call on Jordan's mobile phone. This call was later traced to a number shown to be registered to appellant.

A short time later, a car arrived at the park, appellant got out, and the car drove away. Appellant remained standing at a distance of fifty or sixty yards from Franklin and Jordan. Franklin asked Jordan for his money, but Jordan refused to give it to Franklin until he was able to get the cocaine. Both men then started to walk toward appellant, at which time appellant began to back away from the approaching men. Franklin yelled to appellant that Jordan had the money and Franklin then walked alone to where appellant was standing. When Franklin reached the area where appellant was standing, Jordan witnessed something pass between appellant and Franklin.

Franklin then walked back to Jordan and displayed the cocaine. Jordan asked Franklin if he could see the cocaine and reached out to inspect it. Franklin would not release the cocaine, but Jordan was still able to inspect it visually. At this time, Jordan uttered the "bust signal", a code phrase used to indicate that the other police officers should move in and apprehend the suspects. In an effort to stall until the back-up units arrived, Jordan began counting $600 into Franklin's hands and Franklin stated "all right." Jordan then grabbed Franklin's hand and yelled "Police," at which time a struggle ensued between Jordan and Franklin. Franklin threw the cocaine on the ground. It is undisputed that Jordan never exercised actual physical possession of the contraband until after the arrest, when he retrieved it from the ground. Appellant and Franklin were both arrested.

The indictment alleged delivery of the controlled substance by actual and constructive transfer as well as an offer to sell.[2] The State abandoned the offer to sell allegation at trial. The jury was charged on both delivery by constructive transfer and delivery as a party to the actual transfer.[3] The jury returned with a general

---

**2.** The indictment read in relevant part:

Bobbie Joe Franklin and Roy George Thomas[,] hereinafter styled Defendant, on or about the 21st day of October, A.D.1987 ... did then and there intentionally and knowingly deliver to I.E. Jordan a controlled substance, namely cocaine by aggregate weight, including any adulterants and dilutants, of less than (2) twenty-eight grams by actually and constructively transferring and offering to sell said controlled substance.

**3.** The trial court's charge to the jury contained the following instructions, excerpted in relevant part:

Our law provides that a person commits an offense if he knowingly or intentionally delivers cocaine, a controlled substance.

By the term "deliver" or "delivery" as used in this charge is meant the actual or constructive transfer from one person to another.

\* \* \* \* \* \*

verdict of guilty,[4] thereby not indicating under which theory it had found the appellant guilty. It is clear, however, that both charges submitted to the jury required proof beyond a reasonable doubt that Bobby Joe Franklin "delivered" cocaine to Officer I.E. Jordan.

The court of appeals noted that both the issues submitted to the jury (Delivery by Constructive Transfer and Delivery as a Party to an Offense) required the jury to find beyond a reasonable doubt that Franklin had made a "delivery" to Jordan, as that term was defined in the court's charge to the jury. Giving the term "actual delivery" its plain meaning, the court of appeals, relying on *Daniels v. State*, 754 S.W.2d 214 (Tex.Cr.App.1988) and *Conaway v. State*, 738 S.W.2d 692 (Tex.Cr.App. 1987), held that since there was no relinquishment or transfer of possession or control of the cocaine to Jordan by Franklin, there was no delivery. Therefore, the court of appeals held the evidence was insufficient to convict appellant.

In its petition and subsequent brief to this Court, the State argues that the court of appeals' decision in this case is in direct conflict with other appellate decisions in this area, citing *Nevarez v. State*, 767 S.W.2d 766 (Tex.Cr.App.1989); *Valladares v. State*, 800 S.W.2d 274 (Tex.App.—Texarkana 1990, pet. ref'd); *Caraballo v. State*, 706 S.W.2d 773 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd); and *Endsley v. State*, 702 S.W.2d 307 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd). The State further asserts that requiring a transfer of physical possession to the transferee is contrary to the meaning of the Controlled Substances Act.

The question now presented to this Court is whether the court of appeals erred in finding that the State failed to prove that a "delivery" occurred. If the court of appeals correctly decided this question, then we must affirm that court's holding of insufficient evidence because, as noted by the court of appeals, absent a finding of "delivery" the State has failed to offer sufficient proof of an essential element of the charged offense.

■ At the time of appellant's trial, the term "delivery" was defined in the Controlled Substances Act as follows:

"Deliver" or "delivery" means the actual or constructive transfer from one person to another of a controlled substance, whether or not there is an agency relationship. For purposes of this Act, it also includes an offer to sell a controlled substance. Proof of an offer to sell must be corroborated by a person other than the offeree or be evidence other than a statement of the offeree.

Tex.Rev.Civ.Stat. art. 4476–15, § 1.02(8) (repealed and recodified at Tex.Health & Safety Code § 481.002(8)). Thus, a delivery can occur through an "actual transfer" or a "constructive transfer."[5] Since nei-

---

[Delivery by Constructive Transfer]
Now, if you find from the evidence beyond a reasonable doubt that ... the defendant had a controlled substance, to wit, cocaine under his control, and that he handed the controlled substance to another person, namely Bobby Joe Franklin, knowing that the cocaine could be delivered to another person, and that Bobby Joe Franklin *did so deliver* the said cocaine to I.E. Jordan ... then you will find the defendant guilty....

\* \* \* \* \* \*

[Delivery as a Party to an Offense]
Now, if you find from the evidence beyond a reasonable doubt that Bobby Joe Franklin ... did then and there intentionally or knowingly *deliver* a controlled substance, to wit, cocaine ... to I.E. Jordan, and that the defendant, Roy George Thomas, acting with the intent to promote or assist the commission of the offense of Bobby Joe Franklin, solicited, encouraged, directed, aided or attempted to aid Bobby Joe Franklin to commit the offense of Delivery of Cocaine, then you will find the defendant ... guilty.
(Emphasis supplied).

4. The jury returned the following verdict:
We, the Jury, find the defendant, Roy George Thomas, Guilty of the offense of Delivery of a Controlled Substance, as charged in the indictment.
　　/s/ Homer H. Hershey
　　Foreman of the Jury

5. As noted above, the term "delivery", as defined by Tex.Rev.Civ.Stat. art. 4476–15, § 1.02(8), also encompasses an offer to sell; however, because this allegation was abandoned by the State and was not included in the jury charge, it is not applicable to our disposition of this case. Therefore, we offer no opinion as to whether the evidence presented at the trial of this case

ther of these terms is defined in the Texas Controlled Substances Act, we must construe them according to their plain meaning. See *Campos v. State*, 623 S.W.2d 657, 658 (Tex.Cr.App.1981).

In construing the meaning of these terms, we are guided by previous opinions of this Court. We have held that an "actual transfer" occurs when the defendant transfers actual possession and control of a controlled substance to another person. *Nevarez v. State*, 767 S.W.2d 766 (Tex.Cr.App.1989); *Conaway v. State*, 738 S.W.2d 692 (Tex.Cr.App.1987) (plurality op.). We have also held that a "constructive transfer" occurs when the defendant transfers a controlled substance, either belonging to him or under his control, by some other person or means, at the direction of the defendant. *Daniels v. State*, 754 S.W.2d 214 (Tex.Cr.App.1988); *Whaley v. State*, 717 S.W.2d 26, 31 (Tex.Cr.App. 1986); *Queen v. State*, 662 S.W.2d 338, 340–41 (Tex.Cr.App.1983).

Because both actual and constructive transfers require, by definition, the "transfer" of a controlled substance from the defendant to another person, we must examine the meaning of the word "transfer." "Transfer" is defined in Webster's Ninth New Collegiate Dictionary (1988) as "a conveyance of right, title, or interest in real or personal property from one person to another." Black's Law Dictionary (6th ed. 1990) defines transfer as "[a]n act of the parties ... by which the title to property is conveyed from one person to another." It is clear to us that the term "transfer" plainly requires a voluntary relinquishment of possession in favor of another.

We turn now to the facts of the instant case. Initially we note that evidentiary sufficiency is measured against the charge that was actually given to the jury. See *Benson v. State*, 661 S.W.2d 708 (Tex. Cr.App.1982); *Boozer v. State*, 717 S.W.2d 608 (Tex.Cr.App.1984). In this case, the trial court's charge to the jury required a finding that *Bobby Joe Franklin* (i.e., not appellant) "delivered" the cocaine to Jordan before the jury could ultimately find appellant guilty of either Delivery by Constructive Transfer or Delivery as a Party to an Offense.[6] Thus, there must have been some evidence presented at trial of an actual or constructive transfer by Bobby Joe Franklin. Clearly there was not.[7]

As demonstrated above, in order to establish a transfer, whether actual or constructive, the transferor (i.e., Franklin) must voluntarily relinquish the controlled substance in favor of the transferee.[8] Because the evidence adduced at the trial of

---

would have supported a jury charge on "delivery" by an offer to sell.

**6.** See footnote 2, supra.

**7.** Because of this requirement that there be a voluntary relinquishment of possession in order to establish a "transfer", we find the cases cited by the State distinguishable from the case at bar. For example, in *Nevarez v. State*, 767 S.W.2d 766, the trial testimony revealed that the appellant surrendered possession of the marijuana to the undercover officer involved in the transaction. In *Caraballo v. State*, 706 S.W.2d 773, the appellant voluntarily handed the baggie of cocaine to the officer, and the officer handled and inspected the cocaine. Although the officer later put the baggie down in order to effect the bust signal, it is clear that an actual transfer of possession occurred and the officer exercised control over the contraband. Likewise, in *Endsley v. State*, 702 S.W.2d 307, the evidence proved that the appellant placed illegal drugs on a picnic table, whereupon the purchaser of the drugs picked them up, examined them, and im-

mediately laid them back down. The First Court of Appeals held the delivery was completed when the transferee picked up the drugs and exercised control over them, notwithstanding the fact that he laid them back on the table. Finally, in *Valladares v. State*, 800 S.W.2d 274, we found that delivery occurred when the appellant pointed to marihuana in the trunk of a car and gave the keys to that car to the officer, when coupled with the fact that the officer drove the car to the police station, and by doing so, exercised control over the marihuana inside. It is clear that in order to establish an actual or constructive "transfer", this Court and the courts of appeals continue to require, at the least, a voluntary relinquishment on the part of the transferor.

**8.** Because we dispose of this case on the ground that there was insufficient evidence to establish that the *transferor* voluntarily relinquished the cocaine, we are not required to decide the extent to which a *transferee* must exercise control or dominion over the controlled substance in order for a "transfer" to be completed.

this case established that Franklin never voluntarily gave Jordan the cocaine, there was no "transfer." Consequently, given the charge presented to the jury, the evidence cannot support a jury finding that Franklin "delivered" the cocaine to Jordan. We thus hold that the court of appeals correctly found the evidence against appellant insufficient. The judgment of the court of appeals is AFFIRMED.

McCORMICK, P.J., and WHITE, J., dissent.