TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00774-CR







Edward Taylor, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0973356, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







A jury found appellant guilty of delivering less than one gram of cocaine. Tex.
Health & Safety Code Ann. § 481.112 (West Supp. 1998). The district court assessed
punishment, enhanced by two previous felony convictions, at imprisonment for fifteen years. In
his only point of error, appellant contends the evidence does not support his conviction. We will
overrule this point and affirm.

On July 9, 1997, Austin police officer Tobias Santiago and another officer were
working undercover, using a vehicle disguised as a taxicab. Santiago approached a group of men
sitting on a park bench and told them he was in the market for crack cocaine. They told Santiago
to speak to the two men standing beside a van across the street. One member of the group offered
to speak to the reputed dealers in exchange for a tip. Santiago agreed to this and returned to the
cab. 

So summoned, the two men, Eddie Ward and appellant, crossed the street and
approached the officers' vehicle. Appellant stopped a few feet away, while Ward walked up to
the cab and asked Santiago what he wanted. Santiago told him. Ward agreed to sell Santiago a
rock of crack cocaine for twenty dollars. Ward then walked over to appellant and placed his hand
near him, palm up. Appellant reached into his pants pocket and handed something to Ward. 
Ward returned to Santiago and showed him a rock of crack cocaine in his hand. Santiago took the
rock, paying Ward with two ten dollar bills whose serial numbers had been recorded. Santiago
testified that he never saw Ward put his hands in his own pockets. Ward and appellant were
arrested by uniformed officers a few minutes later. Appellant was holding one of the marked ten
dollar bills when arrested.

Ward, who had previously pleaded guilty, testified for the State and confirmed
Santiago's account. Ward said that he got the rock of crack cocaine from appellant and that he
gave appellant the twenty dollars payment. Appellant also testified. He said that he had nothing
to do with the drug transaction and did not give Ward the crack cocaine delivered to Santiago. 
Appellant claimed that Ward gave him one of the ten dollar bills as payment for a debt.

Appellant's point of error is stated as a challenge to the legal sufficiency of the
evidence, but his argument is couched in both legal and factual sufficiency terms. In determining
the legal sufficiency of the evidence to support a criminal conviction, the question is whether, after
viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State,
614 S.W.2d 155 (Tex. Crim. App. 1981). When conducting a factual sufficiency review, the
appellate court does not view the evidence in the light most favorable to the verdict. Instead, we
consider all the evidence equally, including the testimony of defense witnesses and the existence
of alternative hypotheses. Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no
pet.). A verdict will be set aside for factual insufficiency only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex.
App.--Austin 1992, pet. ref'd as untimely filed).

Appellant was convicted of constructively delivering cocaine to Santiago. A
constructive delivery occurs when the defendant directs the transfer of a controlled substance,
either belonging to him or under his control, by some other person or means. Thomas v. State,
832 S.W.2d 47, 51 (Tex. Crim. App. 1992). A constructive delivery requires a showing that (1)
the defendant had either direct or indirect control of the substance transferred prior to the alleged
delivery, and (2) the defendant knew of the existence of the ultimate transferee. Daniels v. State,
754 S.W.2d 214, 221-22 (Tex. Crim. App. 1988). Appellant attacks the first of these elements. 
He points out that Santiago did not see what, if anything, appellant handed to Ward. The only
direct evidence that the cocaine delivered to Santiago came from appellant is Ward's testimony,
which appellant contends we may not consider because Ward was an uncorroborated accomplice
witness.

Unquestionably, Ward was an accomplice to the offense. A conviction cannot be
based on the testimony of an accomplice unless that testimony is corroborated by other evidence
tending to connect the defendant with the offense committed. Tex. Code Crim. Proc. Ann. art.
38.14 (West 1979). If, after eliminating the accomplice testimony from consideration, the
remaining evidence tends to connect the defendant to the offense, the corroboration is sufficient. 
McDuff v. State, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997). The nonaccomplice evidence
need not be sufficient in itself to establish the defendant's guilt. Id.

Officer Santiago testified that Ward and appellant were standing together when they
were first brought to his attention, and that they approached Santiago together after he sent word
to them that he wanted to purchase crack cocaine. After taking Santiago's order, Ward returned
to appellant and appeared to take something from him. Ward immediately returned to Santiago
with a rock of crack cocaine. Shortly after the delivery, appellant was arrested while in possession
of one of the bills Santiago used to pay for the cocaine. At the very least, this evidence is
sufficient to connect appellant to the offense and therefore to corroborate Ward's testimony. The
evidence as a whole, when viewed in the light most favorable to the verdict, rationally supports
a finding of each element of the offense beyond a reasonable doubt. Considering all the evidence
equally, including appellant's testimony, the jury's verdict is not so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. 


The point of error is overruled and the judgment of conviction is affirmed.



 

 Marilyn Aboussie, Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Affirmed

Filed: October 29, 1998

Do Not Publish 



nce, but his argument is couched in both legal and factual sufficiency terms. In determining
the legal sufficiency of the evidence to support a criminal conviction, the question is whether, after
viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State,
614 S.W.2d 155 (Tex. Crim. App. 1981). When conducting a factual sufficiency review, the
appellate court does not view the evidence in the light most favorable to the verdict. Instead, we
consider all the evidence equally, including the testimony of defense witnesses and the existence
of alternative hypotheses. Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no
pet.). A verdict will be set aside for factual insufficiency only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex.
App.--Austin 1992, pet. ref'd as untimely filed).