Sophia JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–01–00205–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 8, 2002.

Kenneth E. McCoy, Houston, for appellant.

Greg Gilleland, Asst. Dist. Atty., Richmond, Sherry L. Robinson, Criminal Dist. Atty., Hempstead, for the State.

Panel consists of Justices HEDGES, JENNINGS, and KEYES.

## OPINION

EVELYN V. KEYES, Justice.

Appellant, Sophia Jackson, pleaded not guilty to the offense of delivery of marihuana. A jury found her guilty, and the trial court sentenced her to 180 days in jail. Appellant presents two issues for our review, arguing the evidence was both legally and factually insufficient to support her conviction. We affirm.

### Background

On October 5, 1999, undercover Investigator John McGowen of the West Side Narcotics Task Force with Waller and Austin counties parked in front of a house on Third Street in Hempstead, Texas. McGowen was looking for "Shy," a known drug dealer. Inspector McGowen testified that appellant was standing in the doorway of the house and he asked if she knew where Shy was. Appellant told McGowen that Shy was not home but would be back soon. She then asked McGowen what he wanted. He told her he needed a "20."[1] A car drove up, and the passenger, Derrick Lamond Johnson, a/k/a "Shy," got out. Shy told Investigator McGowen to go into the house.

Inside the house, McGowen noticed appellant and another woman sitting on a small couch and several children running around the house. Shy, standing over the kitchen table, asked McGowen what he wanted. When McGowen asked for crack cocaine, Shy told him he only had "weed."[2] McGowen said he would take $20 worth of marihuana. Shy then asked appellant to throw him a bag that was near the couch where she was sitting. She picked up the bag, and Shy asked her to toss him the baggie inside the bag. McGowen testified he easily recognized the cigars in the baggie as marihuana. The cigars had leafy substances sticking out of the ends. Shy and McGowen exchanged the money and bag of cigars, and McGowen left the house. Appellant was arrested for delivery of marihuana.

Appellant called five alibi witnesses: Maxie Idlebird, Harry Webb, Candace Harlan, Christy Melton, and Keven Barber. All testified they saw appellant at a party the night the marihuana was purchased by Investigator McGowen. The jury deliberated for an hour before convicting appellant of delivery of marihuana.

### Standard of Review

■ A legal sufficiency challenge requires us to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational

---

1. A "20" is street slang for $20 worth of crack cocaine.

2. "Weed" is street slang for marihuana.

trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App.2000).

In reviewing the factual sufficiency of the evidence, we examine all the evidence neutrally, and ask whether proof of guilt is so obviously weak or greatly outweighed by contrary proof as to indicate that a manifest injustice has occurred. *Id.* at 563. We will reverse the fact finder's determination only if a manifest injustice has occurred. *Id.* In conducting our analysis, we may disagree with the jury's determination, even if probative evidence supports the verdict, but we must also avoid substituting our judgment for that of the fact finder. *Id.*

### Analysis

The elements of the offense of delivery of a controlled substance are: (1) a person, (2) knowingly or intentionally, (3) delivers, (4) a controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon Supp.2002) ("Texas Controlled Substances Act"); *Stewart v. State*, 718 S.W.2d 286, 288 (Tex.Crim.App.1986); *Becker v. State*, 840 S.W.2d 743, 745 (Tex.App.-Houston [1st Dist.] 1992, no pet.). Delivery may be effectuated by an actual transfer, a constructive transfer, or an offer to sell. TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (Vernon Supp.2002); *Daniels v. State*, 754 S.W.2d 214, 217 (Tex.Crim.App.1988); *Swinney v. State*, 828 S.W.2d 254, 257 (Tex.App.-Houston [1st Dist.] 1992, no pet.). The State abandoned the "offer to sell" paragraph of the indictment prior to trial and pursued only the actual and constructive delivery paragraphs.

Because neither actual nor constructive delivery is defined in the Texas Controlled Substances Act, these terms must be construed according to their plain meaning unless the Act clearly shows that they were used in some other way. *See Daniels*, 754 S.W.2d at 219; *Campos v. State*, 623 S.W.2d 657, 658 (Tex.Crim.App.1981).

The Texas Court of Criminal Appeals has defined the term "delivery" for purposes of the Controlled Substances Act as "the actual or constructive transfer from one person to another of a controlled substance, whether or not there is an agency relationship." *Thomas v. State*, 832 S.W.2d 47, 50 (Tex.Crim.App.1992). It has defined the term "transfer" as "a voluntary relinquishment of possession in favor of another." *Id.* at 51.

An "actual transfer" of a controlled substance occurs when a defendant transfers actual possession and control to another person. *Id.* at 51. An actual transfer occurs, for purposes of the offense of delivery of a controlled substance, when the transferor manually transfers the controlled substance to the transferee, the transferee's agents, or someone identified in law with the transferee. *Hubbard v. State*, 896 S.W.2d 359, 362 (Tex.App.-Houston [1st Dist.] 1995, no pet.).

The Court of Criminal Appeals has stated that a "constructive transfer" occurs when a defendant transfers a controlled substance " 'either belonging to the defendant or under his direct or indirect control, by some other person or manner at the instance or direction of the defendant.' " *Daniels*, 754 S.W.2d at 221 (quoting *Rasmussen v. State*, 608 S.W.2d 205, 209–10 (Tex.Crim.App.1980)). However, it has declined to craft a single "specific definition" of constructive transfer, observing that different cases may deal "with only one aspect of constructive transfer." *Daniels*, 754 S.W.2d at 221.[3] In *Daniels*, the

---

**3.** Generally, cases addressing the issue of constructive transfer involve circumstances

Court of Criminal Appeals further expanded the definition of "constructive transfer" as follows:

> [A constructive transfer] only requires that when the State alleges constructive transfer to an alleged ultimate recipient, that the accused must have contemplated that his initial transfer would not be the final transaction in the chain of distribution.

*Id.; Stolz v. State,* 962 S.W.2d 81, 83 (Tex. App.-Houston [1st Dist.] 1997, pet. ref'd). Therefore, we broadly interpret the term "constructive delivery."

It is clear that appellant did not actually transfer the marihuana to McGowen, the transferee, but to Shy, the seller. Therefore, we must determine whether Shy's actual delivery of the marihuana to McGowen can be legally imputed to appellant as a constructive delivery.

■ In *Daniels,* the Court of Criminal Appeals held that the following rules are applicable to a constructive delivery: (1) prior to an alleged delivery, the transferor must have either direct or indirect control of the substance transferred and (2) the transferor must know of the existence of the transferee. *Daniels,* 754 S.W.2d at 221–22. To be convicted of constructive delivery, therefore, appellant must have had direct or indirect control of the marihuana, and she must have known of McGowen's existence.[4] *See id.* at 221.

■ The evidence is clear that, prior to the delivery, appellant, as the transferor, had direct control of the marihuana. Appellant argues, however, that the evidence was insufficient to show that she knew Shy was going to transfer the marihuana to McGowen. According to Investigator McGowen, appellant knew he was there to buy crack cocaine. Appellant told McGowen that Shy would be back soon. When Shy and McGowen were in the house discussing the sale, appellant, upon Shy's request, tossed Shy the baggie containing the cigars, which were obviously marihuana. Shy then handed McGowen the bag of cigars, in appellant's presence, in exchange for money. This evidence is sufficient to show that appellant transferred a controlled substance, marihuana, to Shy, knowing that Shy would then complete the sale and deliver the marihuana to McGowen.

Viewing the evidence in the light most favorable to the prosecution, we hold the evidence was legally sufficient to support appellant's conviction of delivery of marihuana. Accordingly, we overrule appellant's first issue.

The testimony of appellant's alibi witnesses conflicted with the timing of Investigator McGowen's drug buy. However, the jury, as the triers of fact, could choose to believe McGowen's, and not the other witnesses', testimony. *See Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App. 1990); *Santos v. State,* 822 S.W.2d 338, 339 (Tex.App.-Houston [1st Dist.] 1992, pet. ref'd). A court of appeals must show deference to such a jury finding. *Cain v.*

---

where the defendant was *directing* the sale; therefore, those cases deal with a different aspect of constructive transfer. *See, e.g., Thomas v. State,* 832 S.W.2d 47, 49 (Tex. Crim.App.1992); *Daniels v. State,* 754 S.W.2d 214, 216 (Tex.Crim.App.1988); *Stolz v. State,* 962 S.W.2d 81, 82 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd); *Hubbard v. State,* 896 S.W.2d 359, 360–61 (Tex.App.-Houston [1st Dist.] 1995, no pet.); *Roberts v. State,* 866

S.W.2d 773, 774–75 (Tex.App.-Houston [1st Dist.] 1993, pet. ref'd).

4. In actuality, appellant did not need to know specifically of McGowen's existence, but she needed to know that the initial transfer to Shy would not be the final transaction in the chain of distribution. *See Daniels,* 754 S.W.2d at 221.

*State,* 958 S.W.2d 404, 409 (Tex.Crim.App. 1997).

■ Viewing all the evidence neutrally, the jury could have reasonably inferred that appellant constructively delivered the marihuana to McGowen. A jury decision is not manifestly unjust merely because the jury resolved conflicting views of the evidence in favor of the State. *Id.* at 410. We will not substitute our judgment for that of the jury. *See id.* We hold the evidence was factually sufficient to support appellant's conviction of delivery of marihuana.

We overrule appellant's second issue.

### Conclusion

We affirm the judgment.