OPINION HEADING PER CUR 






                     NO. 12-04-00121-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

CYNTHIA BUNCE-BOWDEN,                        §     APPEAL FROM THE 114TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,                                  §     SMITH COUNTY, TEXAS 
APPELLEE




MEMORANDUM OPINION
            Cynthia Bunce-Bowden was convicted by a jury for delivering 1.8 grams of cocaine and was
sentenced to eight years of imprisonment. In one issue, Appellant contends that the evidence used
to convict her was factually insufficient. We affirm.

Facts
            Detective Steven Henry of the Smith County Sheriff’s Department worked as an undercover
narcotics investigator under the pseudonym “J.P.” On March 25, 2003, he purchased 1.8 grams of
cocaine from Appellant’s daughter, Angela, in the parking lot of the Texas Roadhouse restaurant on
Loop 323 in Tyler. Angela testified that Appellant had given her the cocaine and told her to give it
to “J.P.” Angela testified that she then contacted “J.P.” to make the arrangements to sell him the
cocaine for $110.00.
            Henry had first become aware that Appellant dealt drugs approximately two months earlier
on January 30. On that date, he had arranged to purchase cocaine from Appellant’s older daughter,
Tiffany. This sale took place in the parking lot of Broadway Square Mall in Tyler. Tiffany arrived
to make the sale to Henry (known to her as “J.P.”) with Appellant, Angela, and several minor
children. Henry testified that they had arrived in a dark blue Ford F150 pickup, owned by Appellant. 
Tiffany and Appellant had gotten out of the pickup to greet Henry before the actual transfer of
cocaine was made. Henry asked Tiffany who Appellant was. Tiffany responded that Appellant was
her mother but that Henry did not need to worry because she was a drug dealer also. 
            Tiffany was later arrested for dealing drugs. Following her arrest, Appellant contacted Henry
(also known to her as “J.P.”) twice on his voice mail stating that she needed to talk to him. Both
times she left her name in the voice mail message. Henry testified that when he returned her call,
she offered to sell him cocaine or methamphetamine. It was following Appellant’s conversation with
Henry that Angela contacted Henry to arrange the sale of 1.8 grams of cocaine on March 25. She
arrived at the Texas Roadhouse restaurant parking lot that night in Appellant’s dark blue F150 Ford
pickup.

Factual Sufficiency of Evidence
Standard of Review
            In conducting a factual sufficiency review, an appellate court must review all of the evidence,
but not in the light most favorable to the prosecution. Johnson v. State, 23 S.W.3d 1, 6-7 (Tex.
Crim. App. 2000). We must determine whether a neutral review of all of the evidence, both for and
against the challenged finding, demonstrates that a rational jury could have found guilt beyond a
reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). Evidence is
factually insufficient when evidence supporting the verdict, considered by itself, is too weak to
support the finding of guilt beyond a reasonable doubt. Id. Evidence is also factually insufficient
when contrary evidence is so strong that beyond-a-reasonable-doubt burden of proof could not have
been met. Id. at 484-85. Our evaluation should not intrude upon the factfinder’s role as the sole
judge of the weight and credibility given to any witness’s testimony. Cain v. State, 958 S.W. 2d
404, 408 (Tex. Crim. App. 1997).
Applicable Law
            The elements of the offense of delivery of a controlled substance are 1) a person 2)
knowingly or intentionally 3) delivers 4) a controlled substance. Tex. Health & Safety Code Ann.
§ 481.112(a)(c) (Vernon 2003) (the “Texas Controlled Substance Act”); Jackson v. State, 84 S.W.3d
742, 744 (Tex. App.-Houston [1st Dist.] 2002, no pet.) (citing Stewart v. State, 718 S.W.2d 286, 288
( Tex. Crim App. 1986)). Delivery may be effectuated by an actual transfer, a constructive transfer,
or an offer to sell. Tex. Health & Safety Code Ann. § 481.0092(8) (Vernon 2003); Jackson v.
State, 84 S.W.3d at 744 (citing Daniels v. State, 754 S.W.2d 214, 217 (Tex. Crim. App. 1988)). A
constructive transfer occurs when the defendant transfers a controlled substance, either belonging
to her or under her control, by some other person or means, at the direction of the defendant. 
Thomas v. State, 832 S.W.2d 47, 51 (Tex. Crim. App. 1992). In order to establish a transfer,
whether actual or constructive, the transferor must voluntarily relinquish the controlled substance
in favor of the transferee. Id. To establish a constructive transfer, the State is only required to show
that the accused contemplated her initial transfer would not be the final transaction in the chain of
distribution. See Daniels, 754 S.W.2d at 221. 
Analysis
            Appellant contends that the evidence used to convict her was factually insufficient. She
bases this contention on the fact that Henry never saw her with drugs and that he never actually
communicated with her in person. She also establishes that Henry misstated in his direct testimony
that he had paid $200.00 for the cocaine when in actuality he had only paid $110.00. Further, she
states that she did not actually set up the meeting in the parking lot of the Texas Roadhouse
restaurant where the cocaine sale was completed. 
            All of the elements establishing a constructive delivery of a controlled substance were
established by the State. Appellant’s evidence did not rebut the State’s evidence. Rather, she sought
to attack the credibility of Henry and the motives of Angela. A jury is entitled to accept one version
of the facts and reject another or reject any of a witness’s testimony. Penagraph v. State, 623
S.W.2d 341, 343 (Tex. Crim. App. 1981); see also Margraves v. State, 34 S.W.3d 912, 919 (Tex.
Crim. App. 2000) (The jury may choose to believe some testimony and disbelieve other testimony.).
            We have conducted a neutral review of the evidence both for and against Appellant’s
conviction, giving proper deference to the jury’s role as the sole judge of the weight and credibility
of witness testimony. See Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). The
jury determined the credibility of the witnesses and resolved the evidentiary inconsistencies in the
State’s favor, which is its prerogative to do as the factfinder. The record does not reveal that the
proof of Appellant’s guilt is too weak to support the jury’s finding beyond a reasonable doubt. Nor
does the record reveal contrary evidence so strong that guilt could not have been proven beyond a
reasonable doubt. Thus, we hold the evidence is factually sufficient to support the jury’s finding. 

 
 
Appellant’s sole issue is overruled. 
Conclusion
            Having overruled Appellant’s sole issue, we affirm the judgment of the trial court.
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice
Opinion delivered August 3, 2005.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.































(DO NOT PUBLISH)