Opinion issued on May 4, 2006







     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00809-CR




HENRY BAQUEDANO PAYAN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 957888




O P I N I O N

          A jury found appellant, Henry Baquedano Payan, guilty of the felony offense
of delivery by actual transfer of methamphetamine, weighing more than 400 grams
and assessed punishment at 40 years’ confinement in the Texas Department of
Criminal Justice Institutional Division and a $60,000 fine. In his sole issue, appellant
contends that the evidence was legally insufficient to support his conviction. We
affirm.
Factual Background
          Oscar Garcia, a police officer for the City of Brookshire, was assigned to a
multi-jurisdiction task force that conducted narcotics investigations in Houston.
Working undercover, Garcia approached Charlotte Eiland and Eulalio Rodriguez
about purchasing four kilograms of cocaine. After a series of conversations, Garcia
agreed to buy four kilograms of methamphetamine because appellant did not have any
more cocaine. Rodriguez explained that he and appellant jointly owned the
methamphetamine, and he told Garcia that they would conduct the transaction at
appellant’s auto repair shop.
          The next day, Garcia met Rodriguez and Eiland to inspect the
methamphetamine and followed them to appellant’s shop. Appellant’s home was
located directly behind the shop. Upon arriving at the shop, Garcia met appellant. 
Appellant asked Garcia if he had the money, and Garcia told him that it was “nearby.” 
Appellant asked Garcia to wait at the shop while he returned to his home to get the
methamphetamine.
          Appellant returned with a cardboard box, placed it on a desk, and opened the
box to display four kilograms of methamphetamine. When Garcia asked to see one
of the bundles of methamphetamine. Washington Mancilla, who was also in the
room, handed him a package to inspect.


 At this point, appellant walked away and
left the scene in his wrecker truck. Upon seeing the contraband, Garcia gave the bust
signal and a team off officers arrived to assist him. The officers arrested everyone
except appellant, who had already fled in his truck. Appellant was arrested in
Florida the next year. Appellant testified that he was holding the box for one of his
clients and explained that he was unaware of the box’s contents. Appellant denied
having any interaction with Garcia.
Corroboration
          In his sole issue, appellant contends that the evidence presented at trial was
legally insufficient to support his conviction because it failed to corroborate Garcia’s
testimony. 
Standard of Review
          When conducting a legal-sufficiency review, we view the evidence in the light
most favorable to the verdict to determine whether any rational fact finder could have
found the essential elements of the offense beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152, 155
(Tex. App.—Houston [1st Dist.] 1997, no pet.). Although a legal-sufficiency analysis
entails a consideration of all evidence presented at trial, we may neither re-weigh the
evidence nor substitute our judgment for the jury’s. King, 29 S.W.3d at 562. The
jury, as trier of fact, is the sole judge of the credibility of witnesses and may believe
or disbelieve all or any part of a witness’s testimony. Reece v. State, 878 S.W.2d 320,
325 (Tex. App.—Houston [1st Dist.] 1994, no pet.).
Peace Officer 
          In this case, appellant asserts that the State failed to establish that Garcia was
a “peace officer” under article 38.141 of the Texas Code of Criminal Procedure
because it did not prove that Brookshire is an incorporated town or that Garcia held
a license under chapter 1701 of the Occupational Code.


 Thus, appellant contends
that the State was required to corroborate Garcia’s testimony. We disagree.
          Article 38.141 provides: 
 
A defendant may not be convicted of an offense under Chapter 481,
Health and Safety Code,


 on the testimony of a person who is not a
licensed peace officer or special investigator but who is acting covertly
on behalf of a law enforcement agency or under the color of law
enforcement unless the testimony is corroborated by other evidence
tending to connect the defendant with the offense committed. 
Tex. Code Crim. Proc. Ann. art. 38.141(a) (Vernon Supp. 2004-05). The plain
language of the statute provides that a licensed peace officer’s testimony does not
need to be corroborated. Thus, to decide whether Garcia’s testimony required
corroboration, we must first determine whether Garcia is a peace officer under article
38.141.
          For purposes of article 38.141, the term “peace officer” is defined in article
2.12 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art.
38.141(c) (Vernon Supp. 2004-05). Article 2.12 provides, in pertinent part, that
peace officers are “police officers of an incorporated city, town, or village, and those
reserve municipal police officers who hold a permanent peace officer license issued
under Chapter 1701, Occupational Code.” Tex. Code Crim. Proc. Ann. art. 2.12(3)
(Vernon Supp. 2004-05) (emphasis added).
          In the present case, Garcia testified that he had been a police officer with the
city of Brookshire for 22 years. He further explained that, for the last 11 years, he has
been working as a narcotics investigator for the Texas Department of Public Safety. 
Because we may take judicial notice that a particular city is incorporated and because
we take notice that Brookshire is an incorporated city, we hold that it was not
necessary that the State present evidence to prove that Brookshire was incorporated.


 
See Moore v. State, 845 S.W.2d 352, 354 (Tex. App.—Houston [1st Dist.] 1992, pet.
ref’d). We further hold that appellant’s reliance on the license requirement under
article 2.12(3) of the Texas Code of Criminal Procedure is misplaced because the
license requirement applies only to reserve municipal police officers. See Tex. Code
Crim. Proc. Ann. art. 2.12(3) (Vernon Supp. 2004-05). 
          Accordingly, because the evidence presented was sufficient to establish that
Garcia was a licensed peace officer under article 38.141, we hold that Garcia’s
testimony, alone, was sufficient to support appellant’s conviction.
Delivery
          Appellant also contends that the State was required to present corroborating
evidence to establish delivery under section 481.182 of the Texas Health and Safety
Code. Section 481.182 provides, in pertinent part, that, 
For the purpose of establishing a delivery under this chapter, proof of an
offer to sell must be corroborated by: (1) a person other than the person
to whom the offer is made; or (2) evidence other than a statement of the
person to whom the offer is made.

Tex. Health & Safety Code Ann. § 481.182 (Vernon Supp. 2004-05) (emphasis
added). 
          Under the plain language of this statute, corroboration is required only when
establishing delivery by offer to sell, not delivery by actual or constructive transfer. 
 See Sheffield v. State, 623 S.W.2d 403, 405 (Tex. Crim. App. 1981). Because neither
actual nor constructive delivery is defined in the Texas Controlled Substances Act,
these terms must be construed according to their plain meaning unless the Act clearly
shows that they were used in some other way. See Daniels v. State, 754 S.W.2d 214,
219 (Tex. Crim. App. 1988); Jackson v. State, 84 S.W.3d 742, 744 (Tex.
App.—Houston [1st Dist.] 2002, no pet.).
          The Texas Court of Criminal Appeals has defined the term “delivery” for
purposes of the Controlled Substances Act as “the actual or constructive transfer from
one person to another of a controlled substance, whether or not there is an agency
relationship.” Thomas v. State, 832 S.W.2d 47, 50 (Tex. Crim. App. 1992). It has
defined the term “transfer” as “a voluntary relinquishment of possession in favor of
another.” Id. at 51.
          An “actual transfer” of a controlled substance occurs when a defendant
“transfers actual possession and control to another person.” Id. An actual transfer
occurs, for purposes of the offense of delivery of a controlled substance, when the
transferor manually transfers the controlled substance to the transferee, the
transferee’s agents, or someone identified in law with the transferee. Hubbard v.
State, 896 S.W.2d 359, 362 (Tex. App.—Houston [1st Dist.] 1995, no pet.). A
“constructive transfer” occurs when a delivery is made by implication. Tex. Health
& Safety Code Ann. § 481.002 (8) (Vernon Supp. 2004).
          In this case, the jury charge authorized the jury to convict appellant if it found
beyond a reasonable doubt that he delivered methamphetamine (1) by actual transfer,
(2) as a party


 to the actual transfer, (3) by constructive transfer or (4) by offer to sell. 
Tex. Health & Safety Code Ann. § 481.112 (a) (Vernon Supp. 2004-05). The
verdict stands if the evidence supports any one of the three alternative manners of
delivery that the State alleged in the indictment. See Brooks v. State, 990 S.W.2d 278,
283 (Tex. Crim. App. 1999).
          At trial, the State presented evidence that, after Garcia arrived at appellant’s
shop, appellant asked him if he was “ready.” When Garcia replied that he was,
appellant asked him if he had the money. Appellant went to his home and returned
with a box containing four kilos of methamphetamine. After he opened the box,
appellant stated in Spanish, “there it is.” When Garcia told appellant that he wanted
to see one of the kilos, Mancilla handed him one of the wrapped bundles for
inspection. 
          This evidence is legally sufficient to show appellant’s guilt of delivering a
controlled substance by actual transfer, either as a principal or a party. See Nevarez
v. State, 767 S.W.2d 766, 768 (Tex. Crim. App. 1989) (holding delivery is
accomplished by nothing more than making contraband available to another and
placing it within his reach, even though there is no actual handling of the contraband
from one person to another). Because the evidence is legally sufficient to support
appellant’s conviction for delivery by actual transfer, a theory that does not require
corroboration, there is no need to address the issue of corroboration for establishing
delivery by an offer to sell. See Fuller v. State, 827 S.W.2d 919, 931(Tex. Crim. App.
1992); Cano v. State, 3 S.W.3d 99, 107 (Tex. App.—Corpus Christi 1999, pet. ref’d.)
(No need to address issue of corroboration of an offer to sell because evidence
supported defendant’s guilt of actual delivery).  
          Viewing the evidence in the light most favorable to the jury’s verdict, we hold
that a rational trier of fact could have found beyond a reasonable doubt that appellant
delivered the methamphetamine by actual transfer or as a party to the actual transfer. 
Accordingly, we hold that the evidence is legally sufficient to support appellant’s
conviction.
          We overrule appellant’s sole issue.

Conclusion
          We affirm the judgment of the trial court.


                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Publish. See Tex. R. App. P. 47.2(b).