**Henry Baquedano PAYAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–04–00809–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 4, 2006.

Discretionary Review Refused
Sept. 13, 2006.

Alex G. Azzo, Houston, TX, for Appellant.

Dan McCrory, Assistant District Attorney, Charles A. Rosenthal, Jr., District Attorney–Harris County, Houston, for Appellee.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

GEORGE C. HANKS, JR., Justice.

A jury found appellant, Henry Baquedano Payan, guilty of the felony offense of delivery by actual transfer of methamphetamine, weighing more than 400 grams and assessed punishment at 40 years' confinement in the Texas Department of Criminal Justice Institutional Division and a $60,000 fine. In his sole issue, appellant contends that the evidence was legally insufficient to support his conviction. We affirm.

## Factual Background

Oscar Garcia, a police officer for the City of Brookshire, was assigned to a multi-jurisdiction task force that conducted narcotics investigations in Houston. Working undercover, Garcia approached Charlotte Eiland and Eulalio Rodriguez about purchasing four kilograms of cocaine. After a series of conversations, Garcia agreed to buy four kilograms of methamphetamine because appellant did not have any more cocaine. Rodriguez explained that he and appellant jointly owned the methamphetamine, and he told Garcia that they would conduct the transaction at appellant's auto repair shop.

The next day, Garcia met Rodriguez and Eiland to inspect the methamphetamine and followed them to appellant's shop. Appellant's home was located directly behind the shop. Upon arriving at the shop, Garcia met appellant. Appellant asked Garcia if he had the money, and Garcia told him that it was "nearby." Appellant asked Garcia to wait at the shop while he returned to his home to get the methamphetamine.

Appellant returned with a cardboard box, placed it on a desk, and opened the box to display four kilograms of methamphetamine. When Garcia asked to see one of the bundles of methamphetamine. Washington Mancilla, who was also in the room, handed him a package to inspect.[1] At this point, appellant walked away and left the scene in his wrecker truck. Upon seeing the contraband, Garcia gave the bust signal and a team off officers arrived to assist him. The officers arrested everyone except appellant, who had already fled in his truck. Appellant was arrested in Florida the next year. Appellant testified that he was holding the box for one of his clients and explained that he was unaware of the box's contents. Appellant denied having any interaction with Garcia.

## Corroboration

In his sole issue, appellant contends that the evidence presented at trial was legally insufficient to support his conviction because it failed to corroborate Garcia's testimony.

## Standard of Review

When conducting a legal-sufficiency review, we view the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim.App.2000); *Howley v. State*, 943 S.W.2d 152, 155 (Tex.App.-Houston [1st Dist.] 1997, no pet.). Although a legal-sufficiency analysis entails a consideration of all evidence presented at trial, we may neither re-weigh the evidence nor substitute our judgment for the jury's. *King*, 29 S.W.3d at 562. The jury, as trier of fact, is the sole judge of the credibility of witnesses and may believe or disbelieve all or any part of a witness's testimony. *Reece v. State*, 878 S.W.2d 320, 325 (Tex.App.-Houston [1st Dist.] 1994, no pet.).

## Peace Officer

In this case, appellant asserts that the State failed to establish that Garcia was a "peace officer" under article 38.141 of the Texas Code of Criminal Procedure because it did not prove that Brookshire is an incorporated town or that Garcia held a license under chapter 1701 of the Occupa-

---

1. Mancilla is a fourth individual who was present at the repair shop when appellant placed the box on the desktop. It is not clear from the record what role he played, other than being present and handing Garcia a bundle of methamphetamine. Mancilla was arrested when the backup officers arrived.

tional Code.[2] Thus, appellant contends that the State was required to corroborate Garcia's testimony. We disagree.

Article 38.141 provides:

A defendant may not be convicted of an offense under Chapter 481, Health and Safety Code,[3] on the testimony of a person who is not a licensed peace officer or special investigator but who is acting covertly on behalf of a law enforcement agency or under the color of law enforcement unless the testimony is corroborated by other evidence tending to connect the defendant with the offense committed.

TEX.CODE CRIM. PROC. ANN. art. 38.141(a) (Vernon Supp.2004–05). The plain language of the statute provides that a licensed peace officer's testimony does not need to be corroborated. Thus, to decide whether Garcia's testimony required corroboration, we must first determine whether Garcia is a peace officer under article 38.141.

For purposes of article 38.141, the term "peace officer" is defined in article 2.12 of the Texas Code of Criminal Procedure. TEX.CODE CRIM. PROC. ANN. art. 38.141(c) (Vernon Supp.2004–05). Article 2.12 provides, in pertinent part, that peace officers are "police officers of an *incorporated city,* town, or village, and those *reserve municipal police officers who hold a permanent peace officer license issued under Chapter*

*1701, Occupational Code.*" TEX.CODE CRIM. PROC. ANN. art. 2.12(3) (Vernon Supp.2004–05) (emphasis added).

In the present case, Garcia testified that he had been a police officer with the city of Brookshire for 22 years. He further explained that, for the last 11 years, he has been working as a narcotics investigator for the Texas Department of Public Safety. Because we may take judicial notice that a particular city is incorporated and because we take notice that Brookshire is an incorporated city, we hold that it was not necessary that the State present evidence to prove that Brookshire was incorporated.[4] *See Moore v. State,* 845 S.W.2d 352, 354 (Tex.App.-Houston [1st Dist.] 1992, pet. ref'd). We further hold that appellant's reliance on the license requirement under article 2.12(3) of the Texas Code of Criminal Procedure is misplaced because the license requirement applies only to reserve municipal police officers. *See* TEX.CODE CRIM. PROC. ANN. art. 2.12(3) (Vernon Supp. 2004–05).

Accordingly, because the evidence presented was sufficient to establish that Garcia was a licensed peace officer under article 38.141, we hold that Garcia's testimony, alone, was sufficient to support appellant's conviction.

**Delivery**

■ Appellant also contends that the State was required to present corroborat-

---

2. Chapter 1701 provides: "Except as provided by Sections 1701.310 and 1701.311, a person may not appoint a person to serve as an officer, county jailer, or public security officer unless the person appointed holds an appropriate license issued by the commission." TEX. OCC.CODE ANN. § 1701.301 (Vernon 2004).

3. Appellant was convicted for delivery of methamphetamine, which is an offense under chapter 481 of the Texas Health and Safety Code. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon 2003).

4. The State Library and Archives Commission website provides a link to a list of incorporated cities in Texas. *Texas State Library and Archives Commission,* http://www.tsl.state.tx. us/ref/abouttx/population2.html (last visited May 1, 2006). The city of Brookshire is listed as an incorporated city. *Id.* Therefore, we may take judicial notice of the fact that Brookshire is incorporated. *See Hayden v. State,* 155 S.W.3d 640, 647 (Tex.App.-Eastland 2005, pet. ref'd) (appellate court took

ing evidence to establish delivery under section 481.182 of the Texas Health and Safety Code. Section 481.182 provides, in pertinent part, that,

> For the purpose of establishing a delivery under this chapter, proof of *an offer to sell* must be corroborated by: (1) a person other than the person to whom the offer is made; or (2) evidence other than a statement of the person to whom the offer is made.

TEX. HEALTH & SAFETY CODE ANN. § 481.182 (Vernon Supp.2004–05) (emphasis added).

Under the plain language of this statute, corroboration is required only when establishing delivery by offer to sell, not delivery by actual or constructive transfer. *See Sheffield v. State*, 623 S.W.2d 403, 405 (Tex.Crim.App.1981). Because neither actual nor constructive delivery is defined in the Texas Controlled Substances Act, these terms must be construed according to their plain meaning unless the Act clearly shows that they were used in some other way. *See Daniels v. State*, 754 S.W.2d 214, 219 (Tex.Crim.App.1988); *Jackson v. State*, 84 S.W.3d 742, 744 (Tex. App.-Houston [1st Dist.] 2002, no pet.).

The Texas Court of Criminal Appeals has defined the term "delivery" for purposes of the Controlled Substances Act as "the actual or constructive transfer from one person to another of a controlled substance, whether or not there is an agency relationship." *Thomas v. State*, 832 S.W.2d 47, 50 (Tex.Crim.App.1992). It has defined the term "transfer" as "a voluntary relinquishment of possession in favor of another." *Id.* at 51.

An "actual transfer" of a controlled substance occurs when a defendant "transfers actual possession and control to another person." *Id.* An actual transfer occurs, for purposes of the offense of delivery of a controlled substance, when the transferor manually transfers the controlled substance to the transferee, the transferee's agents, or someone identified in law with the transferee. *Hubbard v. State*, 896 S.W.2d 359, 362 (Tex.App.-Houston [1st Dist.] 1995, no pet.). A "constructive transfer" occurs when a delivery is made by implication. TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (Vernon Supp.2004).

In this case, the jury charge authorized the jury to convict appellant if it found beyond a reasonable doubt that he delivered methamphetamine (1) by actual transfer, (2) as a party[5] to the actual transfer, (3) by constructive transfer or (4) by offer to sell. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon Supp. 2004–05). The verdict stands if the evidence supports any one of the three alternative manners of delivery that the State alleged in the indictment. *See Brooks v. State*, 990 S.W.2d 278, 283 (Tex.Crim.App. 1999).

At trial, the State presented evidence that, after Garcia arrived at appellant's shop, appellant asked him if he was "ready." When Garcia replied that he was, appellant asked him if he had the money. Appellant went to his home and returned with a box containing four kilos of methamphetamine. After he opened the box, appellant stated in Spanish, "there it is." When Garcia told appellant that he wanted to see one of the kilos, Mancilla handed him one of the wrapped bundles for inspection.

---

judicial notice of information found on website).

**5.** The law of parties provides that a person is criminally responsible for an offense committed by the conduct of another if, acting with the intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. TEX. PEN.CODE ANN. § 7.02(a)(2) (Vernon Supp.2005).

This evidence is legally sufficient to show appellant's guilt of delivering a controlled substance by actual transfer, either as a principal or a party. *See Nevarez v. State,* 767 S.W.2d 766, 768 (Tex.Crim.App. 1989) (holding delivery is accomplished by nothing more than making contraband available to another and placing it within his reach, even though there is no actual handling of the contraband from one person to another). Because the evidence is legally sufficient to support appellant's conviction for delivery by actual transfer, a theory that does not require corroboration, there is no need to address the issue of corroboration for establishing delivery by an offer to sell. *See Fuller v. State,* 827 S.W.2d 919, 931(Tex.Crim.App.1992); *Cano v. State,* 3 S.W.3d 99, 107 (Tex.App.-Corpus Christi 1999, pet. ref'd.) (No need to address issue of corroboration of an offer to sell because evidence supported defendant's guilt of actual delivery).

Viewing the evidence in the light most favorable to the jury's verdict, we hold that a rational trier of fact could have found beyond a reasonable doubt that appellant delivered the methamphetamine by actual transfer or as a party to the actual transfer. Accordingly, we hold that the evidence is legally sufficient to support appellant's conviction.

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.