Edmond Brian FRANK, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–07–00679–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 26, 2008.

Laticia D. Fuhr, Friendswood, TX, Lynette K. Briggs, Law Office of Lynette K. Briggs, Hitchcock, TX, for Appellant.

Kurt Sistrunk, Criminal District Attorney, Galveston County, Roger L. Ezell, Criminal District Attorney, Galveston, TX, for Appellee.

Panel consists of Justices TAFT, JENNINGS, and BLAND.

## OPINION

JANE BLAND, Justice.

Appellant Edmond Frank pleaded not guilty to constructive delivery of a controlled substance, cocaine, in an amount less than one gram. *See* TEX. HEALTH SAFETY CODE ANN. 481.112 (Vernon 2003). The jury found Frank guilty, and the trial court sentenced him to two years' confinement. In three issues, Frank challenges the legal and factual sufficiency of the evidence supporting a constructive delivery and contends that the trial court incorrectly charged the jury on constructive transfer. We reverse and render a judgment of acquittal.

### Background

On July 31, 2006, Texas City police officers conducted an undercover operation aimed at street-level offenders. Undercover officer J. Allen conducted the investigation in a pick-up truck equipped with video and audio monitoring devices. Allen drove up to a man, later identified as Mr. Cross, in a convenience store parking lot, and asked Cross for $20 worth of "hard work," a street term for crack cocaine. Allen offered Cross $5 for connecting him with someone that could provide the cocaine. Cross and Cross's wife got in Allen's truck, and Cross directed Allen to a house in the neighborhood. At the first house, Cross left the truck, went into the house, and then returned, having unsuccessfully obtained any cocaine. Cross then directed Allen to a second residence. Upon arriving at the second house, Cross got out of the car, and Frank, who lived at the house, came out to meet him. The two spoke for a moment before Frank removed some crack cocaine from his pocket and handed it to Cross. Cross then paid Frank $20, Frank left, and Cross returned to the truck, where Allen and Cross's wife waited. Once inside the truck, Cross

handed the cocaine to Allen. The entire exchange was recorded on the audio and video surveillance, and officers tailing Allen witnessed it. Following the exchange, Allen drove Cross back to a convenience store and dropped him and his wife off. Police later arrested both Frank and Cross. The State charged Frank with "knowingly deliver[ing], by constructive transfer, to John Allen, a controlled substance, namely, cocaine, in an amount less than one gram...." The State did not charge Frank with delivery of cocaine to Cross.

### Legal and Factual Sufficiency

Frank contends that the evidence is legally and factually insufficient to support a guilty verdict based on delivery by constructive transfer to Allen because the State did not present any evidence that Frank knew or contemplated that the cocaine would be delivered to a third-party, namely Allen, as the State charged in the indictment. In particular, Frank observes that nothing in the record connects him to the delivery of cocaine to Allen and that the State did not charge him with delivery to Cross.

*Standard of Review*

■ When evaluating the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Drichas v. State,* 175 S.W.3d 795, 798 (Tex.Crim.App.2005). The standard is the same for both direct and circumstantial evidence cases. *King v. State,* 895 S.W.2d 701, 703 (Tex.Crim.App.1995). We do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of any witnesses, as this was the function of the

trier of fact. *See Dewberry v. State,* 4 S.W.3d 735, 740 (Tex.Crim.App.1999); *Adelman v. State,* 828 S.W.2d 418, 421 (Tex.Crim.App.1992); *Matson v. State,* 819 S.W.2d 839, 843 (Tex.Crim.App.1991).

*Constructive Transfer*

To prove the offense of delivery of a controlled substance, the State must prove that the defendant knowingly or intentionally delivered a controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon 2003). "Delivery" means "to transfer, actually or constructively, to another a controlled substance ... regardless of whether there is an agency relationship." TEX. HEALTH & SAFETY CODE ANN. § 481.002(8). "Transfer" has been described as "a voluntary relinquishment of possession of another." *Thomas v. State,* 832 S.W.2d 47, 51 (Tex.Crim.App.1992).

■ The Health and Safety Code does not define constructive transfer, and the Court of Criminal Appeals has not expressly defined it. *Sims v. State,* 117 S.W.3d 267, 273–74, 275 (Tex.Crim.App. 2003). Though not exhaustive, the court in *Sims* outlined two types of conduct that constitute a constructive transfer. *See id.*

The first is "for the transferor to instruct the recipient on the location of the contraband." *Id.* at 277–78. "[I]f the contraband is already in place, the constructive transfer is complete at the time the transferor gives the instruction." *Id.* In *Sims,* an undercover officer asked the defendant for the drugs, and the defendant responded by pointing to a foil wrapped package near a tree. *Id.* at 268. The undercover officer took the package, discussed the price with Sims, and paid for it. *Id.* The court of criminal appeals explained that a "constructive transfer occurred when appellant informed the undercover officer of the cocaine's location." *Id.* at 270. The court further noted that an "ac-

tual transfer occurred when the undercover officer actually retrieved the contraband." *Id.* The court held the same set of facts could support both a constructive delivery and an actual delivery. *See id.*

■ The second is for the transferor of the contraband to give it to an intermediary, who then transfers it to the ultimate transferee, and the transferor "contemplated that there would in fact be a third party transferee." *Id.* at 277. When the transfer occurs in this way, the evidence must show that (1) the transferor has either direct or indirect control of the substance transferred and (2) the transferor knows of the existence of the transferee before delivery. *Id.* (citing *Daniels,* 754 S.W.2d at 221). It is not required, however, that the transferor know the identity of, or be acquainted with, the ultimate recipient. *Id.* at 276.

■ Here, the jury charge instructed the jury to find Frank guilty if the evidence showed that, by constructive transfer, he delivered the cocaine to Allen. The charge defined constructive transfer as "the transfer of a controlled substance either belonging to an individual or under his direct or indirect control by some other person at the instance or direction of the individual accused of such constructive transfer." The charge thus attempted to instruct the jury on the second type of constructive transfer, although it omitted the requirement that the transferor know of the existence of the transferee before delivery. *See id.* We apply a hypothetically correct jury charge in determining the legal sufficiency of the evidence. *Malik v. State,* 953 S.W.2d 234, 240 (Tex. Crim.App.1997). Thus, under *Sims,* to uphold the conviction against Frank, some evidence in the record must show that (1) Frank had either direct or indirect control of the substance transferred and (2) Frank knew of the existence of a third party

recipient of the cocaine when he delivered it to Cross. *See Sims,* 117 S.W.3d at 277. The evidence need not show, however, that Frank knew Allen's actual identity, nor that Frank was acquainted with Allen. *See id.* at 276.

■ Viewing the evidence in a light most favorable to the jury's verdict, the evidence shows that Frank handed cocaine to Cross. Cross returned to the vehicle and once inside, handed the cocaine to Officer Allen. When Frank handed the cocaine to Cross, Frank had actual control of the cocaine. This evidence satisfies the first requirement for a constructive transfer—Frank exhibited direct control of the cocaine that was transferred. *See id.* at 277.

The record contains no evidence, however, of the second prong—that Frank knew of the existence of Allen upon delivering the cocaine to Cross. On similar facts, the Court of Criminal Appeals found the evidence to be legally insufficient in a case styled *Gonzalez v. State,* 588 S.W.2d 574, 575–76 (Tex.Crim.App.1979). The Court of Criminal Appeals explained the facts in *Gonzalez,* as follows:

> Specifically, Galvan testified that after they arrived at the premises in his automobile he gave Montoya money to purchase heroin and remained in the car while he observed Montoya "walk up to the front door, knocked on it, and the defendant at this time opened the door and stood there in the doorway" and after talking to Montoya briefly "defendant went back inside the house, left the door open, and Montoya stood outside the doorway. He went back inside and was gone about four minutes, probably at most, he came back, handed Montoya [sic] he handed him something that I could see. Montoya handed him the money that I had given him, and the defendant walked back inside the door.

Montoya walked toward me" and after he got in the car still occupied by Galvan, Montoya "handed me the small tin foil packet."

*Id.* at 576. The court noted the absence of conversation between Montoya and Gonzalez to show that the contraband was purchased for someone other than Montoya. *Id.* The court explained that there was no "suggestion in the record that appellant knew that heroin was being purchased by Montoya on behalf of a third person." *Id.* at 577–78.

As in *Gonzalez*, the record here (1) does not include evidence of the content of the conversation between Frank and Cross, (2) shows that the transaction took place near the car of a third person (Allen) but without his involvement, and (3) does not show that Frank had any contact or discussion with Allen before the transaction. *See id.* at 576. In the video recording taken from Allen's truck, Cross exits the vehicle, converses with Frank, completes the drug transaction, and then returns to the truck. During the events, Cross and Frank stand outside, near the passenger door of Allen's truck. Allen sits in the driver's seat, with the doors and the passenger window closed. Neither Cross nor Frank addressed Allen during the exchange. There is no audio recording of the conversation between Frank and Cross, and all of the officers at trial testified that they could not hear their conversation. Cross did not testify. We therefore do not know whether Cross told Frank that the cocaine was actually for Allen, and, as in *Gonzalez*, the record contains no facts from which one can infer that Frank had such knowledge. A review of the videotape of the transaction reveals that Cross did not hand the cocaine to Allen until he was back inside the truck with the doors closed, and Frank had walked away. Frank never acknowledged Allen or spoke to him. As in *Gon-*zalez, there is no "suggestion in the record that appellant knew that [the contraband] was being purchased" by Cross "on behalf of a third person." *See id.* at 577.

Without evidence that Frank contemplated the possibility that Cross was not the ultimate transferee, Frank cannot be guilty of constructively delivering the cocaine to Allen, as the State charged. *See Gonzalez*, 588 S.W.2d at 577–78 (Tex.Crim. App.1979). Having reviewed all the evidence presented at trial in the requisite light, we follow the Court of Criminal Appeals' decision in *Gonzalez* and hold that a rational trier of fact could not have found beyond a reasonable doubt that Frank constructively transferred cocaine to Officer Allen because the record contains no evidence that Frank knew that the cocaine was being purchased on behalf of a third person.

### Conclusion

We hold that the evidence is legally insufficient to support the conviction for the offense charged.[1] Accordingly, we reverse and render a judgment of acquittal.

---

1. We do not reach Frank's issue of jury charge error.