**Affirmed as Modified and Memorandum Opinion filed August 30, 2012.**



In The

# Fourteenth Court of Appeals

---

NO. 14-11-00094-CR
NO. 14-11-00095-CR

---

**OTIS MALLET, JR., Appellant,**

**V.**

**THE STATE OF TEXAS, Appellee.**

**On Appeal from the 178th District Court**
**Harris County**
**Trial Court Cause Nos. 1164940 & 1248132**

## MEMORANDUM OPINION

In three issues, appellant Otis Mallet, Jr., appeals his jury convictions for (1) possession with intent to deliver more than four grams and less than 200 grams of cocaine and (2) delivery of more than one gram and less than four grams of cocaine. Mallet disputes the sufficiency of the evidence on both counts and notes that the judgment on the delivery count incorrectly recites the amount of crack cocaine involved.

We reform the judgment to accurately reflect the amount of crack cocaine and otherwise affirm.

## I

On April 28, 2008, Officer Gene Goines of the Houston Police Department arrived at the 1100 block of Danube—an area known for a high volume of drug trafficking—to complete an undercover drug buy. When Goines arrived, Mallet's brother, Steven, approached his unmarked car on a bicycle. Goines told Steven he wanted to buy a quarter-ounce of crack cocaine and handed Steven $200. Steven rode his bike to a nearby truck where Mallet was waiting. Goines saw Mallet pick up a blue can from inside the truck and retrieve an object from the can that he gave Steven in exchange for the $200. Steven brought the object back to Goines, who immediately recognized it to be crack cocaine. Goines ordered other officers to move in and arrest both brothers. While Steven was being arrested, Goines saw Mallet retrieve the blue can from his truck and take it with him up a driveway toward the back of a nearby house. After Mallet was arrested, the blue can was retrieved from the house's back yard, and police found 49 grams of crack cocaine inside. Goines testified that, because of the way the crack cocaine in the blue can was portioned, it was packaged for distributing.

Mallet was convicted by a jury of possession with intent to deliver more than four grams but less than 200 grams of a controlled substance and delivery of more than one gram but less than four grams of a controlled substance. Mallet was sentenced to eight years on each count, to run concurrently. The judgment for the delivery count incorrectly recites the crime as "MAN/DEL CS PG I 4-200 GRAMS." This appeal followed.

## II

A majority of judges on the court of criminal appeals has concluded that the *Jackson v. Virginia*[1] legal-sufficiency standard is the only standard a court reviewing a

---

[1] 443 U.S. 307 (1979).

criminal case should apply in determining whether the evidence is sufficient to support each element that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.) (Hervey, J., joined by Keller, P.J., Keasler, and Cochran, J.J.); *id.* at 926 (Cochran, J., concurring, joined by Womack, J.) (agreeing with the plurality conclusion); *Bradley v. State*, 359 S.W.3d 912, 915 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). Accordingly, we ask only if the evidence is legally sufficient to sustain a verdict of guilty beyond a reasonable doubt. *See Brooks*, 323 S.W.3d at 912 (plurality op.); *see also Orsag v. State*, 312 S.W.3d 105, 115 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

In a legal-sufficiency case, we examine all the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard of review applies to cases involving both direct and circumstantial evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Although we consider everything presented at trial, we do not substitute our judgment regarding the weight and credibility of the evidence for that of the fact finder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We presume the jury resolved conflicting inferences in favor of the verdict, and defer to that determination. *Clayton*, 235 S.W.3d at 778. We also determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Id.*

## III

### A

We begin our review with Mallet's third issue: the sufficiency of the evidence of his conviction for possession with intent to deliver. To obtain a conviction for possession with intent to deliver, the State must prove, beyond a reasonable doubt, that the accused (1) exercised care, custody, control, or management over the controlled substance; (2)

intended to deliver the controlled substance to another; and (3) knew the substance in his possession was a controlled substance. *See* Tex. Health & Safety Code §§ 481.002(38), 481.112(a); *Cadoree v. State*, 331 S.W.3d 514, 524 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). Circumstantial evidence alone can be enough to establish guilt. *Poindexter v. State*, 153 S.W.3d 402, 405–06 (Tex. Crim. App. 2005); *Cadoree*, 331 S.W.3d at 524. Intent to deliver can be proven by circumstantial evidence, including the nature of the area where the accused was arrested, the quantity of drugs he possessed when he was arrested, and the manner in which the drugs were packaged. *See Kibble v. State*, 340 S.W.3d 14, 18–19 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

Mallet attacks the sufficiency of the evidence supporting his possession-with-intent-to-deliver conviction based on the testimony of defense witnesses. He argues that their testimony conflicts with Goines's testimony and conclusively establishes a reasonable doubt as to his guilt. However, it was the jury's role to decide whether that testimony was credible, and we will not disturb the jury's decision.

The testimony of a single eyewitness can be enough to support a conviction. *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971). The jury alone decides whether to believe eyewitness testimony, and the jury alone resolves any conflicts or inconsistencies in the evidence. *Mosley v. State*, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998); *Orsag*, 312 S.W.3d at 115. Likewise, the jury alone weighs the evidence, and it may find guilt without physical evidence linking the accused to the crime. *Harmon v. State*, 167 S.W.3d 610, 614 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

Goines testified that, in an area known for drug trafficking, Mallet retrieved crack cocaine from a blue can in his truck and moved the blue can to a nearby yard when police officers arrived on the scene. The blue can contained 49 grams of crack cocaine that had been packaged for distribution. On these facts alone, a rational jury could find that Mallet (1) exercised care, custody, control, or management over the controlled substance; (2) intended to deliver the controlled substance to another; and (3) knew the substance in his

possession was a controlled substance. *See* Tex. Health & Safety Code § 481.112(a); *Cadoree*, 331 S.W.3d at 524. We presume the jury did so find, and we defer to that determination. *See Clayton*, 235 S.W.3d at 778–79. We overrule Mallet's third issue.

B

In his first issue, Mallet attacks the sufficiency of the evidence supporting his conviction for delivery of a controlled substance. To obtain a conviction for delivery of a controlled substance, the State must prove, beyond a reasonable doubt, that the accused (1) knowingly or intentionally (2) delivered (3) a controlled substance. *See* Tex. Health & Safety Code § 481.112(a); *Avila v. State*, 15 S.W.3d 568, 573 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Delivery may be proven under three different theories: actual transfer, constructive transfer, or offer-to-sell. Tex. Health & Safety Code § 481.002(8); *Mihnovich v. State*, 301 S.W.3d 354, 357 (Tex. App.—Beaumont 2009, pet. ref'd). Although the State alleged all three types of transfer in Mallet's indictment, constructive transfer is the only type at issue on appeal. A constructive transfer requires the transfer of a controlled substance either belonging to an individual or under his control by some other person or agency at the instance or direction of the individual accused of such constructive transfer. *Mihnovich*, 301 S.W.3d at 357. A constructive transfer may also be accomplished when the delivery is made by implication. *Id.* Accordingly, to demonstrate constructive delivery, the State must show (1) the transferor had either direct or indirect control of the substance transferred, and (2) the transferor knew of the existence of a transferee before delivery. *Frank v. State*, 265 S.W.3d 519, 522 (Tex. App.—Houston [1st Dist.] 2008, no pet.). It is not necessary however, for the State to show that the accused knew the ultimate transferee's identity or was acquainted with the ultimate transferee. *Id.*

Mallet attacks the sufficiency of the evidence supporting his delivery-of-a-controlled-substance conviction by relying on (1) testimony that Steven was a crack cocaine user at the time of the underlying transaction and (2) Mallet's testimony that he

5

did not see Goines when he took cash from Steven in exchange for crack cocaine. Mallet argues that such testimony conclusively shows Mallet was unaware that Steven was not the ultimate transferee of the crack cocaine. Again, however, it was the jury's role to decide whether testimony is credible, and we will not disturb the jury's decision. *See Mosley*, 983 S.W.2d at 254.

Goines testified that he gave Steven $200 and then saw Steven ride a short distance away, exchange the cash with Mallet for crack cocaine, and return the crack cocaine to Goines. On these facts alone, a rational jury could find that Mallet (1) knowingly or intentionally (2) constructively delivered (3) a controlled substance to Goines. *See* Tex. Health & Safety Code § 481.112(a); *Avila*, 15 S.W.3d at 573. We presume the jury did so find, and we defer to that determination. *See Clayton*, 235 S.W.3d at 778–79. We overrule Mallet's first issue.

IV

In his second issue, Mallet asks this court to correct the judgment in Cause No. 1248132, the delivery-of-a-controlled-substance case. The State concedes that the judgment incorrectly recites the amount of cocaine at issue and agrees that the judgment should be reformed to recite the correct amount. This court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Ramirez v. State*, 336 S.W.3d 846, 852 (Tex. App.—Amarillo 2011, pet. ref'd). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record. *Ramirez*, 336 S.W.3d at 852. This power is not dependent on the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court. *Id.* The record clearly shows that Mallet was indicted and tried for delivering more than one gram and less than four grams of

6

cocaine. Thus, we sustain Mallet's second issue and reform the judgment to accurately reflect the crime for which Mallet was convicted.

* * *

For the foregoing reasons, we affirm the trial court's judgment as reformed.

/s/     Jeffrey V. Brown
         Justice

Panel consists of Chief Justice Hedges and Justices Seymore and Brown.

Do Not Publish — TEX. R. APP. P. 47.2(b).